CLIFTON v. QUANTITY OF COTTON. See Case No. 1,971.

CLINCH (MERRIAM v.). See Case No. 9,460.

CLINCH (ROPES v.). See Case No. 12,041.

---

## Case No. 2,896.

### In re CLINE.

### [1 Ben. 338.][1]

District Court, S. D. New York. Aug., 1867.

ENLISTMENT OF MINOR—HIS OATH AS TO HIS AGE CONCLUSIVE—POWER OF ARMY OFFICER TO ADMINISTER THE OATH — BURDEN OF PROOF—PRESUMPTION.

1. Under the act of congress of February 13th, 1862 [12 Stat. 339], the oath of a military recruit, in his enlistment papers, as to his age, is conclusive upon himself and upon this court, and, where he has sworn that he was not a minor, evidence to show that he was such is not admissible.

[Followed in Re Riley, Case No. 11,834. Cited in Re Davison, 4 Fed. 509.]

2. Where the oath is taken before a military officer, the presumption is that the services of a civil magistrate could not be obtained, as required by the act of June 12, 1858, § 3 [11 Stat. 336], and the burden of proof is on the recruit to show that such services could be obtained.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

At law. This was a habeas corpus issued on the petition of John Edward Cline, a private soldier in the army of the United States, held therein by virtue of his enlistment. The petition set forth that, at the time of his enlistment, Cline was a minor, and enlisted without the consent of his parents. The return to the writ, made by Brevet Major-General Daniel Butterfield, general superintendent of the recruiting service, set forth, that Cline was regularly enlisted into the service of the United States, according to the laws thereof governing the enlistment of recruits, by his signing the proper statement or declaration required for recruits to take; that the oath of enlistment was regularly administered by an officer of the army authorized to administer oaths; and that the recruit was regularly examined by the surgeon appointed for that purpose. A certified copy of the original enlistment paper was annexed to the return, and such original was submitted to the court with the return. This paper consisted of four documents: 1. The statement or declaration required to be made by recruits. 2. The certificate of the examining surgeon. 3. The certificate of the recruiting officer, J. Christopher, Capt. 25th U. S. Infantry, and Brevet Major U. S. A. 4. An affidavit signed by Cline, and certified to have been sworn and subscribed to at Chicago, Illinois, May 20th, 1867, before Major. Christopher, and reading as follows: "Oath of Recruit—I, John E. Cline, desiring to enlist in the army of the United States for the term of three years, do solemnly swear that I am twenty-two years and —— months of age; that I have neither wife nor child; that I have never been discharged from the United States service on account of disability or by sentence of a court-martial, or by order before the expiration of the term of enlistment; and I know of no impediment to my serving honestly and faithfully as a soldier for three years." It was claimed, on the part of Cline, that, being enlisted while a minor, without the consent of his parents, his enlistment was unlawful, and that he was entitled to be discharged. Testimony satisfactorily establishing the facts that he was a minor and enlisted without the consent of his parents was received, by the court provisionally, on the hearing of the writ, subject to a decision by the court as to the admissibility of such testimony.

Dudley Field and Thos. G. Shearman, for petitioner.

Lieut. A. B. Gardner, 9th Infantry, for respondent.

BLATCHFORD, District Judge. It is not contended that, if the soldier was twenty-one years of age when he was enlisted, his enlistment was in any manner illegal, but his discharge is sought solely on the ground that he was in fact under twenty-one years of age, and was enlisted without the consent of his parents.

The act of February 13, 1862 (12 Stat. 339, § 2), provides, that "the oath of enlistment taken by the recruit shall be conclusive as to his age." It is as conclusive and binding upon this court as it is upon the recruit or upon the United States. The intent of congress manifestly was, that no evidence should be received to contradict a statement as to the age of the recruit, contained in the oath taken by him on his enlistment. This view of the act of 1862 was taken by Judge Daly, in the case of George Reilly, in the court of common pleas, in the city of New York, in March, 1867, and also by my predecessor, Judge Betts, in January, 1867, in the cases of Michael J. Conley and John Jump. I am. entirely satisfied that the view is a sound one. In the present case Cline swore, in his oath of enlistment, that he was then twenty-two years of age. That oath is conclusive that he was not then a minor, and no evidence is admissible to show that he was.

An objection is taken to the validity of the enlistment of Cline, on the ground that the act of June 12, 1858, section three, does not authorize an officer of the army to administer the oath of enlistment to a recruit unless the services of a civil magistrate authorized to administer the same cannot be obtained; that the act of August 3, 1831, section eleven, does not authorize an officer of the army to administer an oath of allegiance, unless it appears that he could not obtain the attendance of a civil officer authorized by law to administer oaths; and that the return should show that the attendance of such civil officer could not be obtained. It is a sufficient answer to this objection to say, that the presumption is in favor of the regularity of the proceeding, when it appears that the oath was administered by the military officer, and that, in such case, the intendment is, that the services of a civil magistrate could not be obtained. and the burden is upon the recruit to show that such services could be obtained, and not upon the United States to show that they could not be obtained. In this case, nothing appears on the subject except what is shown on the face of the enlistment papers. The enlistment of Cline was, in all respects, regular, and he must be remanded to service under his proper military officer.