## In re DAVISON.

*(District Court, S. D. New York. October 30, 1880.)*

1. DESERTION — STATUTE OF LIMITATIONS — REV. ST. § 1342. — The one hundred and third article of war (Rev. St. § 1342) provides that "no person shall be liable to be tried and punished by a general court-martial for any offence which appears to have been committed more than two years before the issuing of the order for such trial, unless, by reason of having absented himself, or of some other manifest impediment, he shall not have been amenable to justice within that period. *Held*, that this article is applicable to the offence of desertion.

2. Same—"Absence"—Rev. St. § 1342.—*Held, further*, that the word "absence" in such article means absence from the jurisdiction of the military courts.

3. Same—"Other Manifest Impediments"—Rev. St. § 1342.—*Held further*, that the words "other manifest impediments," referred to in said article, means only such impediments as operate to prevent the military court from exercising its jurisdiction.

*Habeas Corpus.*

*Hervey Grasse*, for petitioner.

*A. B. Gardner*, for respondent.

Choate, D. J.   The petitioner, Thomas Davison, seeks to be discharged on *habeas corpus.*   He has been arrested as a deserter from the army, and is confined at Fort Columbus, Governor's island.   It appears by the return that he enlisted in New York on the twenty-eighth day of July, 1870, for the term of five years, and that he deserted, while on furlough, on the fourteenth day of February, 1872; that he was arrested as a deserter and brought to Fort Columbus on the twenty-first day of October, 1880, and that the preliminary steps have been taken by the proper military officers to have him brought before a general court-martial for trial.   It appears by the traverse to the return that at the time of the petitioner's enlistment he was of the age of 19 years, 4 months, and 11 days only; that at that time he had a mother living and dependent upon him for support, and that his mother never consented to his enlistment; that at no time since the fourteenth day of February, 1872, has he been absent from the United States, but, on the contrary, has always resided continuously in the city of New York, which is the place where he is alleged to have committed the offence on the twenty-second day of February, 1872, and where he was arrested in October, 1880.   Proof of the facts alleged in the traverse has been waived on the part of the respondent, except that it is insisted that it is not competent for the petitioner to show that he was a minor, because he is alleged to have sworn upon his enlistment that he was 21 years of age.

The prisoner's release is claimed on two grounds—*First,* that at the time of his enlistment he was under the age of 21

years, and that his enlistment was illegal and void, and therefore that he is not liable to be arrested or held as a deserter; and, *secondly*, that more than two years have elapsed since the commission of the alleged offence, and before the issuing of an order for his trial, and that therefore he is not legally liable to be arrested and held for trial as a deserter.

1. As to the first ground, it is objected by the respondent that the oath of the petitioner at the time of his enlistment is made conclusive upon him by the statute in this proceeding. Such has been held in this court to be the proper construction of the statute. *In re Cline*, 1 Ben. 338; *In re Stokes*, Id. 341. It is also insisted that the enlistment of a minor over 18 years of age, without the consent of his parents, was not illegal under the laws in force at the time the petitioner enlisted. Such has been held to be the law in this court. *In re Riley*, Id. 408.

It is insisted on the part of the petitioner that more recent decisions to the contrary have been made on both these points, of such weight and authority as to make it proper for this court to re-examine the questions. *Seavey* v. *Seymour*, 3 Cliff. 439; *Turner* v. *Wright*, 2 Pittsb. 370, 5 Phil. 296; *Henderson* v. *Wright*, 2 Pittsb. 440, 5 Phil. 299; *Com'rs* v. *Leake*, 8 Phil. 523. It is, however, unnecessary to consider this point, because the other ground for discharging the prisoner is well taken.

2. The one hundred and third article of war (Rev. St. § 1342) provides that "no person shall be liable to be tried and punished by a general court-martial for any offence which appears to have been committed more than two years before the issuing of the order for such trial, unless by reason of having absented himself, or of some other manifest impediment, he shall not have been amenable to justice within that period."

It is insisted on the part of the respondent that by "absence" is here meant absence from the post of duty, and that this article has no application to desertions. It is certainly a startling proposition that there is no limitation at all upon prosecution for the offence of desertion; that one who has

once been a deserter is subject during the whole of his natural life to be brought before a military court and tried and punished for this offence, even in extreme old age. Yet this is seriously contended by the learned counsel for the respondent. The statute does not require, nor, in my opinion, admit of so strict and narrow a construction. There is nothing in this article itself clearly indicating that it does not extend to every military offence. As it is the only article limiting the time of prosecutions, the presumption is very strong that it extends to every military offence; for, with the single exception of the crime of murder, the almost universal policy of the criminal law is to prescribe a term within which the offender shall be brought to trial. The language of this statute of limitations must be construed with reference to the use of similar language in other statutes of limitations. The "absence" here intended is obviously, from the context, such an absence as interposes an impediment to the bringing of the offender to trial and punishment. It means absence from the jurisdiction of the military courts; that is, absence from the United States.

The "other manifest impediments" referred to in the statute as being such as have prevented the offender from being amenable to justice, are such impediments only as operate to prevent the military court from exercising its jurisdiction over him; as, for instance, his being continuously a prisoner in the hands of the enemy, or of his being imprisoned under sentence of a civil court for crime, and the like. This seems to me to be the sensible and proper construction of the article. It is the construction which has been frequently given to it by the executive department. 1 Op. Att'y Gen. 383; 13 Op. Att'y Gen. 462; 14 Op. Att'y Gen. 52; *Re Harris*, Id. 265. Nor, as it seems to me, can the whole effect of the limitation be taken away on the theory that the desertion may be considered for some purposes to be a continuing offence. The offence was complete February 22, 1872, for the purpose of this article, and, indeed, in the return, that is alleged to be the time when the offence was committed for which the prisoner is now held.

Upon the undisputed facts of the case, there was neither absence nor other impediment to his prosecution, within the meaning of the statute. The prisoner has at all times been within the jurisdiction and amenable to justice, if the charge against him is true. Therefore he is entitled to be discharged. The facts are such that, if brought to trial, he cannot possibly be found guilty or punished by court-martial for the desertion. If, on the facts, a question could arise whether the prisoner had, as a matter of fact, been absent from the jurisdiction, or, by reason of other impediment, had not been amenable to justice, then it might, perhaps, be the proper province of the military court and not of this court on *habeas corpus* to determine that question. But the fact not being disputed that he has resided in the city of New York continuously ever since his desertion, the court-martial has nothing to try, and his arrest for this cause is illegal.

Petitioner discharged.

NOTE. Notice has been filed in the United States circuit court of an application to be made by the military authorities of Governor's Island, through the judge advocate general, to Judge Blatchford for an appeal against the above order.